EVERETT v. SGLOBISKI et al.

(Supreme Court, Appellate Term. November 11, 1910.)

LANDLORD AND TENANT (§ 303*)—SUMMARY PROCEEDINGS—PETITION.

Code Civ. Proc. § 2235, provides that an applicant to dispossess a tenant in summary proceedings must present a petition describing the premises, stating plaintiff's interest therein and the facts which, according to the provisions of the title, authorized the application and the removal of the person in possession. *Held,* that a petition by a receiver in mortgage foreclosure proceedings to oust a tenant for nonpayment of rent, alleging that the tenant W., or the tenant S., or both, entered into a lease, written or oral, for a term, or from month to month, and if with the tenant S., then the tenant W. had an assignment thereof with the record owner or his grantors, and that by the terms of the lease and agreement the tenant or tenants hired from the record owner or his grantors the premises described, etc., was fatally defective for failure to allege facts from which the conventional relation of landlord and tenant could be inferred.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1303–1309; Dec. Dig. § 303.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Peter J. Everett, as receiver, etc., against Bronislaw Sglobiski and another. From a final order in summary proceedings, defendant John Wisniowski appeals. Reversed, and petition dismissed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Jacob M. Leibner, for appellant.
Francis J. Kuerzi, for respondent.

SEABURY, J. This proceeding, as alleged in the petition, was instituted by the receiver appointed in an action to foreclose a mortgage upon the premises claimed to have been in part leased to the ap-

---

pellant. The proceeding was commenced upon the ground of the nonpayment of rent by the appellant. The petition alleged that:

"The tenant Wisniowski, or the tenant Sglobiski, or both, entered into a lease, either written or oral, for a term, or from month to month, and if with the tenant Sglobiski, then said tenant Wisniowski has an assignment thereof with the said record owner or his grantors, and that by the terms of said lease and agreement the said tenant or tenants hired from said record owner or his grantors the premises described," etc.

The petition was wholly insufficient to confer jurisdiction upon the judge who made the final order. Section 2235 of the Code of Civil Procedure provides that the applicant must present to the judge a petition—

"describing the premises of which the possession is claimed and the interest therein of the petitioner or the person whom he represents, stating the facts which, according to the provisions of this title, authorized the application by the petitioner and the removal of the person in possession."

The present petition fails to meet the requirement of the statute, and fails to allege any fact or circumstance from which it may be inferred that the conventional relation of landlord and tenant existed between the parties to the proceeding. As the petition was insufficient to confer jurisdiction upon the judge, the motion of the appellant to dismiss the petition should have been granted.

Final order reversed, with costs, and petition dismissed, with costs to the appellant. All concur.